IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

W.L. HOLMAN, as personal representative
of MABLE HOLMAN, deceased, and on behalf
of the wrongful death beneficiaries of MABLE
HOLMAN                                                                                          PLAINTIFF

vs.                                                                                      No. 3:04CV191-D-A

CENTENNIAL HEALTHCARE
PROPERTIES CORPORATION; et al.                                                DEFENDANTS

ORDER DENYING MOTION TO RECONSIDER

Presently before the court is the Plaintiff's motion to reconsider. Upon due consideration, the court finds that the motion should be denied.

This case was originally filed by the Plaintiff in the Circuit Court of Montgomery County on August 27, 2004, and involves claims arising out of the conduct of the Defendants in connection with injuries suffered by Mable Holman during her stay at the Winona Manor Nursing Home. After the case was removed to this court, the Defendant Centennial Healthcare Properties Corporation d/b/a Winona Manor Nursing Home notified the court that it has filed a petition for Chapter 11 bankruptcy relief in the United States Bankruptcy Court of the Northern District of Georgia. Thereafter, on November 9, 2004, the court granted the Defendant's motion to transfer this case to the United States Bankruptcy Court of the Northern District of Georgia, pursuant to 28 U.S.C. §§ 1404(a) and 1412. The Plaintiff has now moved the court to reconsider its decision.

Upon review, the court is satisfied that its prior ruling is not in error. The court is of the opinion that the Plaintiff's complaint clearly implicates matters which are "core" matters under federal bankruptcy law, properly transferred by this court under 28 U.S.C. § 1412 to another district "in the interest of justice or for the convenience of the parties." The court also reiterates that the

United States Bankruptcy Court for the Northern District of Georgia is clearly a much more appropriate forum for the disposition of this case and that a transfer to that court will be in the interest of justice, regardless of whether the case may proceed in this court. See Searcy v. Knostman, 155 B.R. 699, 706-709 (S.D. Miss. 1993) (discussing relevant factors and considerations). The proceedings in the Georgia court commenced prior to any proceedings taking part in this court or in the Montgomery County, Mississippi, state court, and the piecemeal division of this litigation in separate courts would be impractical, wasteful and imprudent. In addition, the transfer will ensure an equitable distribution of Centennial's assets and will greatly promote the economic and efficient administration of Centennial's bankruptcy estate. Thus, the court holds that the Defendant's motion to transfer was properly granted, and that the Plaintiff's motion to reconsider should be denied.

THEREFORE, it is hereby ORDERED that the Plaintiff's motion to reconsider (docket entry 5) is DENIED; the Plaintiff's motion to amend/correct, remand, and for sanctions (docket entry 6) is also DENIED.

SO ORDERED, this the 26th day of April 2005.

/s/ Glen H. Davidson
Chief Judge